UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAROL CHENE,

       Plaintiff,                           Case No. 2:15-cv-10576
                                                 Magistrate Judge Anthony P. Patti

v.

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.

_____/

**<u>OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DE 13), GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OR REMAND (DE 12), REVERSING THE ADMINISTRATIVE LAW JUDGE'S OPINION AND REMANDING THE CASE FOR FURTHER PROCEEDINGS</u>**

**I.    BACKGROUND**

Plaintiff, Carol Chene, brings this action under 42 U.S.C. §§405(g), 1381(a) and 1382(a) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying her applications for supplemental security income (SSI) and disability insurance (DI) benefits.  On December 2, 2010, Plaintiff filed these applications, alleging that she has been disabled since June 1, 2004.  (R. at 147-152, 153-157; *see also* R. at 54.)  Plaintiff's applications were denied on August 26, 2011.  (R. at 55-63, 64, 82-85.)  On September 15, 2011, she sought a *de novo* hearing before an Administrative Law Judge ("ALJ").  (R. at 87-89.)  ALJ


Jerome B. Blum held a hearing on April 3, 2012. (R. at 42-53.) On April 26, 2012, ALJ Blum issued a decision concluding that Plaintiff was not disabled under § 1614(a)(3)(A) of the Social Security Act. (R. at 65-77.) On May 29, 2012, Plaintiff requested review of the hearing decision/order. (R. at 117-118.) On March 19, 2013, the Appeals Council remanded the case to the ALJ. (DE 78-81.) ALJ Blum held another hearing on July 23, 2013 and subsequently determined that Plaintiff was not disabled within the meaning of the Social Security Act. (R. at 28-41, 9-23.) On December 30, 2014, the Appeals Council denied Plaintiff's request for review. (R. at 1-5.) Thus, ALJ Blum's decision became the Commissioner's final decision. Plaintiff then timely commenced the instant action on February 13, 2015. (DE 1.)

## II. THE INSTANT MOTIONS

In her motion for summary judgment or remand, Plaintiff asserts that (A) the ALJ's RFC assessment is not supported by substantial evidence; (B) the ALJ violated the procedural aspect of the treating physician rule (TPR) in evaluating the medical source opinion of Dr. Peter Smith; and (C) the ALJ failed to make a credibility determination as required by SSR 96-7p. (DE 12 at 12-22; *see also* DE 14.) The Commissioner opposes the motion and has filed a motion for summary judgment, noting that substantial evidence supports the ALJ's decision. (DE 13 at 14-29.)

The parties have consented to my authority. (DEs 15-17.) A hearing was held on September 21, 2016, at which Plaintiff's counsel (Kiel J. Roeschke) appeared in person and Defendant's counsel (AUSA Daniel S. Tarabelli) appeared by telephone. (*See* DE 21.) Having considered the motion papers and oral arguments of counsel for the parties and for the reasons stated on the record, all of which are incorporated by this reference as though fully restated herein, Plaintiff's motion (DE 12) is **GRANTED**, Defendant's motion (DE 13) is **DENIED**, the ALJ's decision is **REVERSED**, and the matter is **REMANDED** to the Commissioner for rehearing under Sentence Four of § 405(g) for further consideration consistent with the following:

**1.**  The ALJ's October 30, 2013 credibility finding is supported by substantial evidence and is sufficiently clear to the reviewing court. Moreover, ALJ Blum's opinion builds "an accurate and logical bridge from the evidence to his conclusion." *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000), *as amended* (Dec. 13, 2000); s*ee also,* SSR 96-7P (S.S.A. July 2, 1996).

**2.**  Applying a case-by-case approach, the ALJ's October 30, 2013 findings at Step 4 - that Plaintiff has the RFC to perform a full range of work at all exertional levels but with the non-exertional limitation to "simple, routine, and repetitive tasks[,]" and that she is capable of performing past relevant work as a cashier II (clerical) - properly account for the ALJ's Step 3 finding that she has moderate difficulties with regard to concentration, persistence or pace. *See*, *i.e.*, *Schalk v. Comm'r of Soc. Sec.*, No. 10-CV-13894, 2011 WL 4406824, at *11 (E.D. Mich. Aug. 30, 2011), *report and recommendation adopted,* No. 10-13894, 2011 WL 4406332 (E.D. Mich. Sept. 22, 2011); *Lewicki v. Comm'r of Soc. Sec.*, No. 09-11844-BC, 2010 WL 3905375, at *3 (E.D. Mich. Sept. 30, 2010); *Bohn-Morton v. Comm'r of Soc. Sec.*, 389 F. Supp. 2d 804, 807 (E.D. Mich. 2005). Furthermore, Plaintiff

3

has not illustrated how Plaintiff requires a more restrictive limitation than that already included in the ALJ's Step 4 RFC determinations. *See Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997) ("during the first four steps, the claimant has the burden of proof; this burden shifts to the Commissioner only at Step Five."). Notwithstanding this, the RFC finding is subject to reconsideration, in light of the below-described error with respect to the treating physician's opinion.

3.  The weight given by the ALJ to treating physician Dr. Peter Smith's June 21, 2013 mental RFC assessment (R. at 329-333), if any, is unclear. Here, the ALJ omits an assignment of weight to Dr. Smith's medical source statement, and the ALJ's opinion does not "contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record," nor is it "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." SSR 96-2P (S.S.A. July 2, 1996). As Plaintiff argues, the ALJ did not provide "good reasons" for discrediting Dr. Smith's opinion. (*See* DE 12 at 17-20; *Wilson v. Commissioner of Social Sec.*, 378 F.3d 541, 544 (6th Cir. Aug. 2, 2004); *see also* 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2).) "[W]hile a reviewing court may draw specific and legitimate inferences from an ALJ's decision," the Court can neither "speculate what the ALJ may have been thinking with respect to Plaintiff's disability rating[,]" nor "make *post hoc* rationalizations that attempt to intuit . . ." the adjudicator's thought processes. *Curbow v. Colvin*, No. CV-14-8222-PCT-ESW, 2016 WL 386221, at *4 (D. Ariz. Feb. 2, 2016) (quotations and citations omitted). In other words, "it is not the Court's job to conduct a *de novo* review of the evidence or to rubber stamp the ALJ's decision." *Christephore v. Comm'r of Soc. Sec.*, No. 11-13547, 2012 WL 2274328, at *6 (E.D. Mich. June 18, 2012). As such, on remand, the ALJ is directed to: (a) examine and make clear his or her assignment of weight to the opinion of the treating physician; (b) if not giving controlling weight to the treating physician's opinion, then provide "good reasons" for not doing so, in conformity with 20 CFR 404.1527(c), 416.927(e)(2) and the "*Wilson* Factors" alluded to above; and, (c) if assigning "some weight," specify whether any portions of the treating physician's opinion were

4

accredited, if so, which ones, and how they were accounted for in the RFC.

## III. CONCLUSION

Due to the error stated on the record and outlined in part above, and in order for this Court to have an appellate record which would "permit meaningful review of the ALJ's application of the [treating physician] rule," *Wilson v. Commissioner of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004), Plaintiff is entitled to an order remanding this case to the Social Security Administration (SSA) pursuant to Sentence Four of 42 U.S.C. §405(g).  Accordingly, Plaintiff's motion for summary judgment or remand (DE 12) is **GRANTED,** Defendant's motion for summary judgment (DE 13) is **DENIED,** the ALJ's opinion is **REVERSED, and the case is REMANDED** to the Commissioner for further consideration consistent with this opinion.

**IT IS SO ORDERED.**

Dated: September 23, 2016         s/Anthony P. Patti
                                   Anthony P. Patti
                                   UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on September 23, 2016, electronically and/or by U.S. Mail.

                                   s/Michael Williams
                                   Case Manager for the
                                   Honorable Anthony P. Patti