UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAROL CHENE,

               Plaintiff,              Case No. 2:15-cv-10576

                                      Magistrate Judge Anthony P. Patti

v.

COMMISSIONER OF
SOCIAL SECURITY,

               Defendant.

_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY'S FEES (28)

This matter is before me for consideration of Plaintiff's motion for attorney's fees (DE 27) and Defendant's response in opposition (DE 28).[1]  For the reasons that follow, Plaintiff's motion is **DENIED**.

**A.    Procedural Background**

Plaintiff protectively filed her applications for social security disability benefits and supplemental security income on December 2, 2010, alleging that she had been disabled since June 1, 2004.  (R. at 147-152, 153-157, *see also* R. at 54.) Plaintiff's applications were denied and she sought a *de novo* hearing before an Administrative Law Judge ("ALJ").  ALJ Jerome B. Blum held a hearing on April

_____

[1] On November 9, 2015, the parties consented to my jurisdiction pursuant to 28 U.S.C. § 636(c).  (DE 17.)

3, 2012 and subsequently determined that Plaintiff was not disabled within the meaning of the Social Security Act. (R. at 42-77.) On March 19, 2013, the Appeals Council remanded the case to the ALJ. (R. at 78-81.) ALJ Blum held a second hearing on July 23, 2013 and subsequently determined that Plaintiff was not disabled. (R. at 28-41, 9-23.) On December 30, 2014, the Appeals Council denied Plaintiff's request for review. (R. at 1-5.)

Plaintiff then timely commenced the instant action in federal court. In her motion for summary judgment, she set forth three statements of error: 1) that the ALJ's residual functional capacity ("RFC") assessment was not supported by substantial evidence; 2) that the ALJ violated the procedural aspect of the treating physician rule in evaluating the medical source opinion of Dr. Peter Smith; and 3) that the ALJ failed to make a credibility determination as required by SSR 96-7p. The Commissioner opposed Plaintiff's motion, asserting that the ALJ's decision was supported by substantial evidence.

On September 23, 2016, the Court remanded the matter back to the Commissioner for further administrative proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g) based on Plaintiff's second argument. (DE 23.) Specifically, I concluded that the weight the ALJ assigned to treating physician Dr. Peter Smith's June 21, 2013 mental RFC assessment was unclear. As to her first argument, I noted that the ALJ's credibility finding was supported by substantial evidence and

2

sufficiently clear.  As to her third argument, I concluded that she had not illustrated how she required a more restrictive limitation than that included in the ALJ's Step 4 determination.  However, I noted that the RFC finding was subject to reconsideration in light of the treating physician rule error.

**B.    The Instant Motion**

In the instant motion, Plaintiff seeks costs and attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, because the Court remanded her case for further administrative proceedings.  She asserts that the Commissioner's position in opposing his motion for remand was not substantially justified because the ALJ omitted an assignment of weight as to Dr. Smith's opinion.  (DE 28 at ¶ 8.)

The Commissioner opposes Plaintiff's motion and argues that her position was substantially justified.  Specifically, she asserts that a harmless error argument was reasonable, in light of conflicting case law and no controlling precedent.

**C.  STANDARD OF REVIEW**

The EAJA provides in pertinent part:

[A] court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection

(a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds

> that the position of the United States was substantially justified
> or that special circumstances make an award unjust.

28 U.S.C. § 2412(d).  Applying the foregoing authority, an award of fees requires

that 1) the plaintiff was the prevailing party, 2) the government's position was not

substantially justified, and 3) no special circumstances make an award of fees

unjust.

A party is considered to have prevailed where it has been the victor in a

lawsuit or has "vindicated important rights through a consent judgment." *Citizens*

*Coal.for Block Grant Compliance, Inc. v. City of Euclid*, 717 F. 2d 964, 966 (6th

Cir. 1983) (internal quotations omitted).  The court will generally confer

prevailing-party status on a plaintiff who has won a Sentence 4 remand.  *Sec'y v.*

*Schaefer*, 509 U.S. 292, 300 (1993). Here, neither party disputes Plaintiff's status

as the prevailing party.

The Commissioner bears the burden of establishing that her position was

substantially justified, which is defined as "justified, both in fact and in law, to a

degree that could satisfy a reasonable person." *Jankovich v. Bowen*, 868 F.2d 867,

869 (6th Cir. 1989); *see also Noble v. Barnhart,* 230 F. App'x 517, 519 (6th

Cir.2007) ("[T]he position of the government will be deemed to be substantially

justified if there is a genuine dispute, or if reasonable people could differ as to the

appropriateness of the contested action.").  "However, the fact that the

Commissioner's decision was found to be supported by less than substantial

4

evidence 'does not mean that it was not substantially justified.'" *Hutchinson v. Comm'r of Soc. Sec.*, No. 12-CV-11337, 2014 WL 2050859, at *4 (E.D. Mich. May 17, 2014) (quoting *Bates v. Callahan*, 124 F.3d 196, 196 (6th Cir 1997)).

### D.  ANALYSIS

The Commissioner has met her burden of establishing that her position was substantially justified.  The issue in this matter was whether the ALJ erred by failing to state the weight afforded to the opinion of a treating physician. Specifically, Plaintiff's treating source, Peter Smith, M.D., opined that she was precluded from all work.  (R. at 330-333.)  The ALJ appears to have discounted this opinion, finding that it was inconsistent with treatment notes and records, but did not state the level of weight he provided to the opinion. (R. at 18.)  The Court remanded, concluding that this omission did not "permit meaningful review of the ALJ's application of the [treating physician] rule."  (DE 23 at 4-5.)

There was no controlling, Sixth Circuit precedent addressing the question of whether such an omission could ever constitute harmless error.  The Commissioner, therefore, reasonably relied on a factually similar but non-binding opinion finding harmless error where "the ALJ did not explicitly state the weight he afforded" to a treating physician opinion. *Peterson v. Colvin*, No. 1:14-cv-00555, 2015 WL 151045, at *9 (N.D. Ohio Jan 12, 2015).  That the Court ultimately relied on the reasoning in a different persuasive case is insufficient to

demonstrate that the Commissioner's position was not supported by substantial evidence. *Ballatore v. Comm'r of Soc. Sec.*, No. 11-15335, 2014 WL 276529, at *6 (E.D. Mich. June 18, 2014) ("'The clarity of existing law is an important factor in determining whether the Commissioner's position was substantially justified,' and in this case, the lack of definitive Sixth Circuit law on-point weighs toward concluding that 'reasonable people could differ' as to this point.") (quoting *Spruil v. Bowen*, 691 F. Supp. 302, 306 (M.D. Fla. 1988)); *see also United States v. Certain Land Situated in the City of Detroit*, 600 F. Supp. 2d 880, 897 (E.D. Mich. 2009) ("'[I]f the case turns on an unsettled or 'close' question of law, the government's position will normally be substantially justified notwithstanding the fact that its legal position is ultimately rejected.'") (quoting *Washington v. Heckler*, 756 F.2d 959, 961 (3rd Cir. 1985)).

Further, the Court should not only look at the issue on which the plaintiff prevailed when determining whether the government's position was substantially justified. *E.E.O.C. v. Memphis Health Ctr., Inc.*, 526 F. App'x 607, 615 (6th Cir. 2013). Here, a review of the case as a whole reveals that the government's position was substantially justified. For example, the Court remanded on only one of Plaintiff's three statements of error. As noted above, even where the Court remanded, the law was not settled and the Commissioner relied on non-binding

6

case law that supported its position, even if the Court ultimately disagreed with its reasoning.

Based on the foregoing, the Commissioner has established that her position was substantially justified.  Accordingly, Plaintiff's motion is **DENIED**.  (DE 28.)

**IT IS SO ORDERED**.

Dated: March 3, 2017                    s/Anthony P. Patti
                                        Anthony P. Patti
                                        UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on March 3, 2017, electronically and/or by U.S. Mail.

                                        s/Michael Williams
                                        Case Manager for the
                                        Honorable Anthony P. Patti